UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL RAHIM SABIR,<br><br>             Plaintiff,<br><br>     v.<br><br>JOE BIDEN, et al.,<br><br>             Defendants. | Case No. 25-cv-09032-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Abdul Rahim Sabir claims that unnamed persons at the San Francisco Sheriff's Office violated his constitutional rights in various ways. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint fails to state any claim for relief. Sabir has not provided sufficient factual information, such as the date on which the alleged wrongs occurred, the names and official roles of the persons who committed these acts (he names Joe Biden but offers only conclusory allegations), and a description of what each person said and did. He must allege specific facts tying a specific person to the exact wrong. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **March 16, 2026**. Failure to file a proper amended complaint by March 16, 2026, may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Sabir has filed several lawsuits. Many of them are subject to dismissal because mail sent by the Court to him has been returned as undeliverable, Sabir having failed to update his address to his current one in Sacramento. Whenever his address changes, Sabir must file a change of address notice in each of his cases, or they likely will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall send this Order to this address:

United States District Court
Northern District of California

Abdul Rahim Sabir II
# 709192
Sacramento Behavioral Healthcare Hospital
1400 Expo Parkway
Sacramento, CA 95815

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Sabir alleges that while at the San Francisco County jail he has been the target of unnamed "gangstalkers," has been made to appear in in appropriate videos, has suffered

2

defamation by Joe Biden, and is being held illegally. (Compl., Dkt. No. 1 at 2-3.) These allegations fail to state a claim for relief.

"A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

In addition, supervisory defendants are not responsible simply because they are supervisors. There is no respondeat superior liability under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 556 U.S. at 675-82.

Sabir has not provided sufficient factual information to state a claim, such as the date on which these events occurred, the names and official roles of the persons who committed these acts (he names Joe Biden and Adam Burke, but offers only conclusory allegations against Biden and none at all regarding Burke), and specific facts about what each person said and did. His allegations against fellow prisoners cannot survive as currently articulated either. Prisoners are not state actors and cannot be defendants in a 42 U.S.C. § 1983 action, unless there is such a close nexus between the state and the

3

challenged action that seemingly private behavior may be fairly treated as that of the state itself. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001)*. There are no specific facts, as opposed to conclusory allegations, showing any such nexus. Sabir's naming of San Franciso Sheriff's Office as a defendant without adequate facts showing liability does not state a claim.

The complaint is DISMISSED with leave to amend. In the amended complaint, Sabir must allege specific facts tying a specific person to the exact wrong.

## CONCLUSION

The complaint is DISMISSED with leave to file a first amended complaint on or before **March 16, 2026**. The amended complaint must include the caption and civil case number used in this order (25-09032 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. The amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. Failure to file a proper amended complaint by March 16, 2026 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Sabir has filed several lawsuits. Many of them are subject to dismissal because mail sent by the Court to him has been returned as undeliverable, Sabir having failed to update his address to his current one in Sacramento. Whenever his address changes, Sabir must file a change of address notice in each of his cases, or they likely will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

**Dated:** February 4, 2026



WILLIAM H. ORRICK
United States District Judge

4

United States District Court
Northern District of California